UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON ANTHONY BURNS,

    Petitioner,

v.

ROBERT VASHAW,

    Respondent.

_____/

Civil No. 2:20-CV-12337
HONORABLE SEAN F. COX

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Marlon Anthony Burns, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree criminal sexual conduct, contrary to Mich. Comp. Laws §750.520b, and one count of second-degree criminal sexual conduct contrary to Mich. Comp. Laws §750.520c. As part of the answer, respondent notes that the petition contains several ineffective assistance of counsel claims that were not exhausted with the state courts. For the reasons that follow, the petition for a writ of habeas corpus is DENIED without prejudice.

**I. Background**

Petitioner was convicted by a jury in the Genesee County Circuit Court.

Petitioner's conviction was affirmed. *People v. Burns*, No. 342712, 2019 WL 2711233 (Mich. Ct. App. June 27, 2019), *lv. den.*, 505 Mich. 942, 936 N.W.2d 302 (2019).

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on August 19, 2020. Petitioner seeks relief on the following grounds:

    I. Violated Burns' due process rights by introducing unfairly prejudicial, dissimilar evidence of other acts, 25 and 27 years prior.

1

    II. Denied Burns due process by erroneous admission of evidence[,] appellant's non-sequitur response as adoptive admission.

    III. Denied Burns due process right to be convicted on legally sufficient evidence.

    IV. Burns was denied his sixth amendment right to the effective assistance of counsel.

Respondent filed an answer to the petition. As part of the answer, respondent argues that the petition is subject to dismissal because several of petitioner's ineffective assistance of counsel claims were never presented to the state courts.

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner raises several ineffective assistance of counsel claims in his petition that were never presented to the state courts. These claims are: (1) trial counsel was ineffective for postponing two hearings without petitioner being present, (2) petitioner was constructively denied

2

the assistance of counsel when his attorney failed to subject the prosecutor's case to meaningful adversarial testing, (3) counsel failed to call alibi witnesses, and (4) cumulative error. (ECF No. 1, PageID.56-57). Although petitioner did raise several ineffective assistance of counsel claims in a *pro se* supplemental brief on appeal that he filed in addition to the brief filed by appellate counsel, he did not raise these specific claims in his supplemental brief. (ECF No. 11-21, PageID.1574-80, ECF No. 11-22, PageID.1597-99).

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F.3d 247, 253 (8th Cir. 1995)(quoting *Tippitt v. Lockhart,* 903 F.2d 552, 554 (8th Cir. 1990). Petitioner's claims involving the postponement of the hearings without petitioner, the failure to call alibi witnesses, and the cumulative error claim were never fairly presented to the Michigan Court of Appeals or the Michigan Supreme Court because these ineffective assistance of counsel claims are different than the ineffective assistance of counsel claims presented to the Michigan Court of Appeals and the Michigan Supreme Court. *See Caver v. Straub,* 349 F.3d 340, 346-47 (6th Cir. 2003)(citing to *Pillette v. Foltz,* 824 F.2d 494, 497 (6th Cir. 1987). In addition, petitioner also alleges that he was constructively denied the assistance of counsel. A claim involving the

constructive denial of counsel is a separate and distinct claim from an ineffective assistance of counsel claim for purposes of exhausting a claim under the same factual and legal theory in the state courts. *See Fusi v. O'Brien*, 621 F.3d 1, 6 (1st Cir. 2010).

The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F.3d at 419. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Genesee County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005) a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because there are no exceptional or unusual circumstances present that justify holding the petition for a writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to

appeal on December 23, 2019. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period to seek certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of certiorari with the United States Supreme Court, thus, his judgment became final, for the purpose of commencing the running of the one year limitations period, on March 22, 2020. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on August 19, 2020, after a little less than five months elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust his claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has over seven months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

There is, however, an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of

5

constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Petitioner promptly filed his petition for writ of habeas corpus with this Court. Petitioner's claims are not plainly meritless. This Court adopts the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.*

The petition is dismissed without prejudice. The one-year limitations period is tolled from August 19, 2020, the date Petitioner filed his petition, until petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below in Section IV of the opinion.

### III. Conclusion

The Court dismisses the petition without prejudice.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability; jurists of reason would not find it debatable that petitioner's claim is unexhausted. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.  ORDER

**IT IS ORDERED that:**

(1) the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

(2)  the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from August 19, 2020, the date that petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner files a new habeas petition in the federal court within **thirty (30)** days of the completion of his state post-conviction proceedings.

(3)  petitioner is **DENIED** a certificate of appealability or leave to appeal *in forma pauperis.*

Dated: July 20, 2021                             s/Sean F. Cox
                                                 Sean F. Cox
                                                 U. S. District Judge